UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| JEREMY S. CARY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-1429 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER & OPINION

This matter is before the Court on a Motion for Release on Bond Pending Resolution of Petitioner's § 2255 Motion filed by Jeremy Cary. (Doc. 5). For the reasons stated below, the motion is DENIED.

### BACKGROUND

In 2009, Petitioner Jeremy Cary was convicted in Illinois of Aggravated Criminal Sexual Abuse. He was sentenced to thirty months' probation. By reason of his conviction, Cary was required to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), Pub. L. No. 109-248. On April 29, 2011, the United States indicted Cary for knowingly failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). *United States v. Cary*, 11-cr-10054 (C.D. Ill. 2011). On August 3, 2011, Cary entered a plea of guilty to that charge and he was sentenced to 33 months imprisonment and 20 years supervised release. *Id.* (Doc. 18). As is typical in cases like Cary's, standard and special conditions of supervised release were also imposed on Cary.

The procedural history in this case since the April 2011 indictment is extensive

and the Court will only briefly describe same for purposes of brevity. From 2013 to present, the Government has filed four separate Petitions for Revocation, and a Supplemental Petition for Revocation, alleging that Cary has violated various conditions of his supervised release and/or has failed to register as a sex offender under SORNA. *United States v. Cary*, 11-cr-10054 (C.D. Ill. 2011) (Docs. 33, 66, 99, 119, 171). After a hearing on each petition, Cary admitted to violating, or was found to have violated, a condition or conditions of his supervised release. Each time he was sentenced to a term of imprisonment with the BOP and usually a term of supervised release with special or standard conditions of supervised release.

Cary successfully challenged this Court's first judgment of revocation via § 2255 after this Court determined that Cary's trial counsel provided ineffective assistance by failing to object to an improper Sentencing Guidelines calculation in Cary's Pre-Sentence Investigation Report which resulted in a higher sentence. *Cary v. United States*, 12-cv-1469 (C.D. Ill. 2013) (Doc. 20). Thus, on April 30, 2013, the Court entered an amended judgment immediately releasing Cary on time served and reducing the term of his supervised release to ten years with standard and special conditions. *United States v. Cary*, 11-cr-10054 (C.D. Ill. 2011) (Doc. 31).

Cary successfully challenged this Court's second judgment of revocation via § 2255 after this Court found that Cary's trial counsel was ineffective for failing to consult with Cary about an appeal and that Cary was prejudiced from counsel's failure to do so. *Cary v. United States*, 13-cv-1529 (C.D. Ill. 2014) (Doc. 25). As a remedy, the Court ordered the clerk to vacate the revocation judgment, reimpose the identical conviction and sentence in a new judgment, and to file a notice of appeal of

the newly reimposed judgment on Petitioner's behalf. *Id.* The appeal challenged various conditions of the supervised release reimposed.

On January 28, 2015, the Seventh Circuit affirmed in part and vacated in part, and remanded with instructions to amend Cary's conditions of supervised release. *United States v. Cary*, 775 F.3d 919 (7th Cir. 2015). Specifically, the Seventh Circuit held that Cary's special condition requiring him to participate with the U.S. Probation Office's Computer and Internet Monitoring Program and "install filtering software on any computer [he] possesses or use[s] which will monitor/block access to sexually oriented websites" needed to be defined more precisely on remand. *Id.* at 926-27. It also held that the district court was required to make findings about Cary's financial circumstances on remand before imposing mandatory repayment requirements on him. *Id.* at 929.

On March 26, 2015, this Court entered a second amended judgment pursuant to the Seventh Circuit's mandate and remand, revising certain special conditions of Cary's supervised release. *United States v. Cary*, 11-cr-10054 (C.D. Ill. 2011) (Doc. 87).

This case concerns Cary's third § 2255 petition which challenges this Court's most recent judgment of revocation against Cary. On April 3, 2017, the Government filed a petition for revocation alleging that Cary again violated various terms of his supervised release, namely (1) possession and use of cocaine; (2) possession and use of alcohol; (3) failure to submit to a urine screen; and (4) failure to report as directed. *Id.* (Doc. 171). At the final hearing held in open court on May 17, 2017, Cary admitted to all four violations. On the following day, the Court entered a judgment of revocation

and sentenced Cary to 21 months imprisonment. *Id.* (Doc. 182).

On September 21, 2017, Cary filed a § 2255 motion challenging the Court's May 2017 judgment of revocation, arguing ineffective assistance of counsel. (Doc. 1). He then filed the instant Motion for Release on Bond Pending Resolution of his § 2255 Motion. (Doc. 5). The Government did not file a response, and the deadline to do so has since lapsed.

## LEGAL STANDARDS AND ANALYSIS

"[T]here is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases, but a power to be exercised very sparingly." *Cherek v. United States,* 767 F.2d 335, 337 (7th Cir. 1985). Post-conviction relief of this kind should not be granted casually:

> A defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly; hence the case for bail pending resolution of his postconviction proceeding is even weaker than the case for bail pending appeal. And the interest in the finality of criminal proceedings is poorly served by deferring execution of sentence till long after the defendant has been convicted.

*Id.*

At the May 2017 hearing, Cary admitted guilt to all of the violations alleged in the violation report. *United States v. Cary*, 11-cr-10054 (C.D. Ill.2011) (Doc. 182). As a result, he was sentenced to 21 months in prison. The Court advised Cary of his appeal rights, but Cary did not appeal. Instead, he filed a Motion for Reconsideration pursuant to Federal Rule of Criminal Procedure 35(a). *Id.* (Docs. 186, 188). On June 15, 2017, the Court denied that motion since Rule 35(a) only applies where there is

4

"clear error in the sentence," and Cary did not allege any clear error. *Id.* (Doc. 189). Three months passed, and Cary filed a § 2255 motion challenging the judgment of revocation.

Cary admitted to violating four conditions of his supervised release and he did not take advantage of his opportunity to appeal. As such, his case for release on bond is very weak. Cary argues that he has raised constitutional claims in his § 2255 petition "upon which he has a high probability of success," entitling him to be released. (Doc. 5). He alleges that "the medical records that established his alleged cocaine use were unlawfully obtained" and that simple possession of cocaine was only a misdemeanor, not a felony, and that his lawyer was ineffective for failing to object to both issues. *Id.*

Without opinion as to the merits of Cary's arguments, the Court observes that Cary's chance of success is not readily apparent. Cary admitted, in open court, to not only possessing cocaine, but using cocaine. *United States v. Cary*, 11-cr-10054 (C.D. Ill.2011) (Doc. 182) (Doc. 193 at 6). The Court reviewed the transcript of proceedings from the final hearing revoking Cary's supervised release. There was no mention of Cary's hospital records. Furthermore, Cary has not demonstrated himself to be a good candidate for bond. On numerous occasions in the past Cary has violated conditions of his supervised release, resulting in a judgment of revocation and a prison sentence. Accordingly, the Court sees no reason to exercise its inherent authority to release Cary on bond pending the resolution of his § 2255 motion.

## CONCLUSION

For the reasons stated above, Petitioner's Motion for Release on Bond Pending Resolution of the § 2255 Petition (Doc. 5) is DENIED.

Entered this 1st day of November, 2017.

s/ Joe B. McDade<br>JOE BILLY McDADE<br>United States Senior District Judge