# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| JEREMY S. CARY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 17-cv-1429 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER & OPINION

This matter is before the Court on a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 filed by Jeremy Cary. (Doc. 1). For the reasons stated below, the motion is DENIED.

### BACKGROUND

In 2009, Petitioner Jeremy Cary was convicted in Illinois of Aggravated Criminal Sexual Abuse. By reason of his conviction, Cary was required to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), Pub. L. No. 109-248. On April 29, 2011, the United States indicted Cary for knowingly failing to register as a sex offender in violation of 18 U.S.C. § 2250(a). *United States v. Cary*, 11-cr-10054 (C.D. Ill. 2011). On August 3, 2011, Cary entered a plea of guilty to that charge and he was sentenced to 33 months imprisonment and 20 years supervised release. *Id.* (Doc. 18). As is typical in cases like Cary's, standard and special conditions of supervised release were also imposed on Cary.

On April 3, 2017, the Government filed its fourth petition for revocation since 2011 against Cary, alleging that he again violated various terms of his supervised

release, namely (1) possession and use of cocaine; (2) possession and use of alcohol; (3) failure to submit to a urine screen; and (4) failure to report as directed. *Id.* (Doc. 171). At the final hearing held in open court on May 17, 2017, Cary admitted to all four violations. The following day, the Court entered a judgment of revocation and sentenced Cary to 21 months imprisonment. *Id.* (Doc. 182).

On September 21, 2017, Cary filed the instant § 2255 motion challenging the Court's May 2017 judgment of revocation, arguing ineffective assistance of counsel. (Doc. 1). He also challenges the protocol at Unity Point Methodist Hospital for collecting urine samples used in toxicology reports. *Id.* at 8. On November 7, 2017, the Government filed its response (Doc. 12) and on November 27, 2017, Cary filed a reply (Doc. 13). This matter is now ripe for decision.

**LEGAL STANDARDS**

Section 2255 of Title 28 of the United States Code provides that a sentence may be vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." "Relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, § 2255 relief is limited to correcting errors of constitutional or jurisdictional magnitude or errors constituting fundamental defects that result in complete miscarriages of justice. *E.g.*, *Kelly v. United States*, 29 F.3d 1107, 1112 (7th

2

Cir. 1994), *overruled on other grounds by United States v. Ceballos*, 26 F.3d 717 (7th Cir. 1994).

"A § 2255 motion is not a substitute for a direct appeal." *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003) (citing *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995)). Claims other than ineffective assistance of counsel cannot be raised for the first time in a § 2255 motion if they could have been raised on direct appeal. *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). "A federal prisoner cannot bring defaulted claims on collateral attack unless he shows both cause and prejudice for the default." *Id.* (citing *Hale v. United States*, 710 F.3d 711, 713 (7th Cir. 2013); *Gant v. United States*, 627 F.3d 677, 683 (7th Cir. 2010)). "Absent a showing of both cause and prejudice, procedural default will only be excused if the prisoner can demonstrate that he is 'actually innocent' of the crimes of which he was convicted." *Id.* (citing *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir.2008)).

## DISCUSSION

Cary argues that his trial counsel provided ineffective assistance during his supervised release revocation proceedings by (1) failing to assert privilege under Federal Rule of Evidence 501 concerning some of Cary's medical records; (2) failing to file a motion to suppress Cary's statements to probation officers that he possessed and used cocaine; (3) failing to argue insufficient evidence that Cary consumed cocaine; and (4) failing to argue that Cary's possession of cocaine was not a felony offense and thus was not a grade B violation. Cary also challenges Unity Point Methodist Hospital's ("UPMH") urine collection protocol. Cary claims that his urine sample, which tested positive for narcotics, was not properly secured or confirmed

3

using another method.

Ineffective assistance of counsel requires a petitioner to show (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Cary must also "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689.

However, "[t]here can be no challenge to the adequacy of counsel unless there is an underlying right to counsel in a particular proceeding." *United States v. Yancey*, 827 F.2d 83, 89 (7th Cir. 1987). "[A] revocation proceeding is not considered a criminal prosecution under the Sixth Amendment," and a defendant therefore "'has no Sixth Amendment right to counsel' in the context of a revocation proceeding." *United States v. Jones*, 861 F.3d 687, 690 (7th Cir. 2017) (quoting *United States v. Boultinghouse*, 784 F.3d 1163, 1171 (7th Cir. 2015)). Although, "the Fifth Amendment's due process clause accords a defendant certain basic procedural protections, including a right to representation by counsel" when "a defendant has a colorable claim that he has not violated the conditions of release, or if he has 'a substantial case to make against revocation, notwithstanding any violation, that may be difficult to develop or present.'" *Jones*, 861 F.3d at 690 (quoting *Boultinghouse*, 784 F.3d at 1171). Cary admitted in open court to all four violations alleged his the petition for revocation. This basis alone precludes any claim of ineffective assistance. *See United States v. Quillman*, 409 F.App'x 18, 21 (7th Cir. 2011) ("because Quillman admitted to the

4

violations alleged in the petition for revocation and did not offer any substantial justification or arguments in mitigation, he had no constitutional right to counsel at his revocation hearing, which precludes any claim of ineffective assistance.").

Even if the right to counsel attaches to Cary's ineffectiveness claims, Cary's claims fail on the merits. Cary authorized release to the U.S. Probation Office of all confidential records and information pertaining to him, including "[m]edical records, both of a physical nature and of a psychological/psychiatric nature, including records of alcohol and/or drug and/or narcotic treatment." (Doc. 12, Exh. 2 at 3). The document is titled AUTHORIZATION TO RELEASE CONFIDENTIAL INFORMATION. Federal Rule of Evidence 501 protects from compelled disclosure "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment," *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996), but that privilege, like any, can be waived. Because Cary authorized release of his medical records to probation, any claimed privilege in those records was waived, and any objection based on privilege would have been baseless. In any event, the exclusionary rule is inapplicable to Cary's revocation proceedings. *See Penn. Bd. of Probation & Parole v. Scott*, 524 U.S. 357, 364 (1998) (declining to extend exclusionary rule to revocation proceeding); *Johnson v. United States*, No. 14-474, 2015 WL 3544881, *3 (S.D. Ill. June 5, 2015). Thus, regardless of whether the medical records were obtained in violation of Cary's constitutional rights, the records would not be excluded. *Cf. Scott*, 524 U.S. at 364 (holding that "the federal exclusionary rule does not bar the introduction at parole revocation hearings of evidence seized in violation of parolees' Fourth Amendment rights.").

As to Cary's second argument, even assuming that counsel should have moved to suppress Cary's admissions to probation officers that he used cocaine, Cary cannot show prejudice from counsel's failure to do so. The record reflects that Cary was released from the hospital on March 28, 2017. Probation officers made a home visit to Cary on March 29th or March 30th, during which time Cary admitted to using cocaine. *United States v. Cary*, 11-cr-10054 (C.D. Ill. 2011) (Doc. 176 at 5-6). Thus, Cary admitted to using cocaine after he had already tested positive for cocaine at the hospital. Even without Cary's statements to probation officers, the Court still had ample evidence to find that Cary possessed and used cocaine, namely his own admissions in open court and the toxicology report issued prior to his admissions. The outcome of the proceeding would not have been different, and Cary cannot show prejudice.

Cary has also failed to overcome the presumption that counsel's actions in failing to suppress the statements were part of a sound trial strategy. Cary's attorney, Lee Smith, declared that objecting to Cary's statements admitting to cocaine usage would have been contrary to the strategy that Cary wished to pursue in sentencing. (Doc. 12, Exh. 3 at 4). He declared that Cary's desired strategy was to accept responsibility and seek release without supervision because he was prepared to seek treatment for his addictions. *Id.* Smith's claims are supported by Cary's own testimony at sentencing that he admitted himself into the hospital "because I realized at that point that I needed to get help." *United States v. Cary*, 11-cr-10054 (C.D. Ill. 2011) (Doc. 193 at 7). This trial strategy was successful because the Court did not impose further supervised release after Cary serves his term of imprisonment. As

such, Cary has not shown that counsel's trial strategy was unsound. *Cf. Jones v. Welborn*, 877 F.Supp.1214, 1227 (S.D. Ill. 1994) (recommending a course of action based on the hope for a lesser sentence can constitute sound trial strategy).

Concerning Cary's third and fourth ineffectiveness claims, counsel was not deficient for failing to challenge Cary's possession violation as a grade C instead of grade B, or for failing to argue insufficient evidence that Cary consumed cocaine. Possessing cocaine was a Grade B violation because it was conduct "constituting any other federal, *state*, or local offense punishable by a term of imprisonment exceeding one year" within the meaning of U.S.S.G. § 7B1.1(a)(2). Under Illinois law, possession of cocaine is a class 4 felony. 720 ILCS 570/402(c); *United States v. Acres*, 128 F.App'x 538, 540 (7th Cir. 2005) (possession of a controlled substance under Illinois law is punishable by a term of imprisonment exceeding one year).

Cary attempts to now argue, for the first time, that there is no proof he possessed cocaine in Illinois. The Court notes that Cary makes no allegation that he *told his attorney* that he possessed cocaine outside of Illinois. Thus, his attorney cannot be deficient for failing to make such an argument. Cary tested positive for cocaine while hospitalized in Peoria, Illinois, and as conditions of his supervised release Cary would have had to request to leave Illinois. Cary made no such request to his probation officer. (Doc. 12, Exh. 2 at 2). Cary also admitted to using and possessing cocaine in open court. In light of Cary's positive drug test in Illinois and his own admission of drug use, the Court had ample evidence he possessed and consumed cocaine in Illinois. *See Acres*, 128 F.App'x at *1 ("Given that Acres (an Illinois resident) did not deny that he was in Illinois when he used cocaine, it would

7

be frivolous to argue that it was unreasonable for the court to treat his offense as a violation of Illinois law and to sentence him accordingly."); *United States v. Claro*, 65 F.Supp.2d 872, 874 (C.D. Ill. 1999) (positive drug tests and defendant's own admissions of drug use were enough to find that defendant possessed cocaine in Illinois and committed a grade B violation). Because any challenge to Cary's grade B violation would have been futile, Cary cannot prove deficient performance. *See Sullivan v. United States*,---F.3d---, 2017 WL 6168258, *3 (7th Cir. Dec. 8, 2017) (before showing that attorney was ineffective for failing to object, defendant must first show that such an objection would have had potential merit).

Cary's fifth and final argument is procedurally defaulted. Cary could have challenged UPMH's urine collection protocol on appeal, but he failed to file an appeal at all. Procedurally defaulted claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice. *Delatorre v. United* States, 847 F.3d 837, 843 (7th Cir. 2017). Cary makes no argument for actual innocence and he has not shown "cause" for his default. Cary has provided no reason whatsoever for failing to appeal, and he has not alleged that something prevented him from raising this claim on appeal. *See Coleman*, 501 U.S. at 753 ("cause" is "something external to the petitioner, something that cannot fairly be attributed to him."); *Turner v. United States*, 693 F.3d 756, 758 (7th Cir. 2012) ("'cause' in the formula 'cause and prejudice' means some impediment to making an argument.") (internal citation omitted). Therefore, Cary cannot now raise this claim for the first time in his § 2255 motion.

Because the Court is denying Cary's § 2255 petition, the Court simultaneously

denies Cary's Motion for Appointment of Counsel (Doc. 10). "A section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel." *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Rule 8(c) of the Rules Governing Section 2255 Proceedings requires that counsel be appointed for indigent prisoners if an evidentiary hearing is required; however, the Court has denied Cary's petition without a hearing. While the Court has discretion to appoint counsel under 18 U.S.C. § 3006(a)(2), doing so would not have benefitted Cary because he has no viable claim for relief.

## CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) and Motion to Request Counsel (Doc. 10) are DENIED. Cary's Motion for Expedited Review (Doc. 4), Motion for Discovery (Doc. 10), Motion for Emergency Hearing (Doc. 15), Motion for Emergency Review (Doc. 16), and Motion for Summary Reversal of Sentencing (Doc. 17) are DENIED AS MOOT.

Entered this 21st day of December, 2017.

s/ Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge